MARCELINO QUIROZ, and
TRACY C. QUIROZ,
*Individually and on behalf of all others
similarly situated*,

      Plaintiffs,

      v.                                   Case No. 25-CV-1947-SCD

MADISON MANAGEMENT SERVICES, LLC, and
ARYMING ASSET MANAGEMENT, LLC,

      Defendants.

## DECISION AND ORDER

This case began when the Quirozes' creditor, Ary LS 4 LLC, initiated a foreclosure action against them, Case No. 2024CV000440, in Washington County (Wisconsin) in July 2024. Other entities, including Aryming Asset Management, communicated with the Quirozes about the loan and foreclosure action. The Quirozes filed counterclaims against Ary LS 4. In October 2025, the Quirozes filed a class-action complaint in Washington County, Case No. 2025CV000656, against Aryming Asset Management and Madison Management Services, the loan servicer, bringing claims for invasion of privacy and fraud. *See* ECF No. 1.

On December 1, 2025, before Aryming or Madison Management had appeared in the class-action case, the Washington County state court ordered the foreclosure action and the class action consolidated into a single action. *See* ECF No. 1 at 25. The court ordered "that the above-captioned cases . . . shall be consolidated into Washington county Case Number

2024CV000440, and the cases be deemed as brought as a single action under Wis. Stat. § 803.04(1)." *Id.*

Aryming filed a notice of removal based initially on diversity jurisdiction. *See id.* at 2. The Quirozes moved to remand the case to state court, asserting that Aryming hadn't demonstrated complete diversity or the requisite amount in controversy. *See* ECF No. 4 at 4–7. Aryming moved under 28 U.S.C. § 1653 to amend its notice of removal to specify federal question jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). *See* ECF No. 11 at 2. Aryming later supplemented its notice with citizenship information for Aryming and Madison Management. *See* ECF No. 16.

The Quirozes did not challenge Aryming's motion to amend the notice of removal. Instead, the Quirozes moved for an entry of default because Aryming and Madison Management missed the deadline to respond or answer the removed complaint. *See* ECF Nos. 12 & 13; Fed. R. Civ. P. 81(c)(2)(C). That deadline had passed in December, prior to the Quirozes' motion to remand. *See* Fed. R. Civ. P. 81(c)(2)(C); Fed. R. Civ. P. 6(a)(2).

All parties—except Ary LS 4, which wasn't listed as a party to the federal lawsuit and hasn't appeared—have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 5, 6, 9. The motions are ready to be decided.

## DISCUSSION

Assuring this court's subject matter jurisdiction evokes more (and more complicated) legal questions than the parties briefed. The state court consolidation merged the foreclosure action and the class action into one single action. Aryming did not provide all process, pleadings, and orders for the consolidated case. So, while this court can assert federal question jurisdiction over the class action claims, it cannot assure itself of jurisdiction over the

2

foreclosure case. Because this court cannot assure itself of jurisdiction over the entire case, I will grant the Quirozes' motion to remand.

## I.      Statutory Landscape

As a threshold matter, a federal court must establish that it has subject matter jurisdiction. This requirement is "'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L. M. R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). 28 U.S.C. § 1446 directs the procedure for removing civil actions from state court to federal court. A defendant shall file in district court a notice of removal "containing a short and plain statement of the grounds for removal," with "a copy of all process, pleadings and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

Aryming's amended notice of removal specifies CAFA as the basis for federal jurisdiction. *See* ECF No. 11 at 2. Under CAFA, federal courts have original federal jurisdiction over a class action asserting only state-law claims if three requirements are met: (1) the amount in controversy exceeds $5 million; (2) there is minimal diversity; (3) there are at least 100 putative class members. *See* 28 U.S.C. § 1332(d)(2), (d)(5). A class action may be removed to federal court "in accordance with section 1446," regardless of "whether any defendant is a citizen of the state in which the action is brought," and "without the consent of all defendants." 28 U.S.C. § 1453(b). Here, the complaint establishes that the amount in controversy exceeds $5 million, *see* ECF No. 1 at 8; *id.* ¶¶ 69, 77; there is minimal diversity, *see id.* ¶¶ 9, 10; and there are at least 100 putative class members, *see id.* ¶ 83.

This court does not have complete information about the foreclosure action, but "[m]ortgage foreclosure cases are relegated traditionally to state law." *Hilgeford v. Peoples Bank*,

3

776 F.2d 176, 179 (7th. Cir 1985). They may be removed to federal court with complete diversity of the parties and a dispute exceeding $75,000.

**II.    Procedural Issues: Consolidation and Removal**

No party addressed how consolidation of the two cases in state court impacted removability. "The consolidation of state cases may affect their removability, but that depends on how the consolidation operates under state law." *Mich. City v. Hays-Republic Corp.*, Case No. 3:20-CV-608-JD-MGG, 2020 WL 5757986, 2020 U.S. Dist. LEXIS 177287, at *6 (N.D. Ind. Sept. 28, 2020) (citing *Bridewell-Sledge v. Blue Cross*, 798 F.3d 923, 929–30 (9th Cir. 2015); *Lakewood Prairie, LLC v. Ibarra Concrete Co.*, Case No. 08 C 1200, 2008 U.S. Dist. LEXIS 46185, at *8 (N.D. Ill. May 27, 2008)). The question is whether, under state law, "consolidated cases retain their separate identities or whether they are merged into a single action." *Gray v. Gray*, 675 F. Supp. 3d 213, 218 (D.N.H. 2023); *see also Schniebs v. Set Carriers, Inc.*, Case Nos. 23-cv-2918; 23-cv-3392, 2023 WL 12037957, 2023 U.S. Dist. LEXIS 246207, at *4 (N.D. Ill. July 24, 2023).

There does not appear to be any case applying Wisconsin law to this specific issue. I will look to first the consolidation statutes, and second to the state court's order. *See Mich. City v. Hays-Republic Corp.*, 2020 U.S. Dist. LEXIS 177287, at *6–7. Wisconsin's permissive joinder statute provides:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one

4

> or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Wis. Stat. § 803.04(1). Wisconsin's consolidation statute incorporates this permissive joinder statute. When actions that could have been brought together under § 803.04 are before the same court, the court has options. The court may: (1) order a joint hearing or trial of any or all of the claims in the actions; or (2) order all the actions consolidated. *See* Wis. Stat. § 805.05. "The type of consolidation ordered is important as the distinction between the two carries significant consequences. If a court consolidates separate causes of action, there remains but one action and one set of pleadings for purposes of trial. The actions, including their pleadings, are merged and the consolidated action proceeds as a single action, resulting in but one set of findings and one judgment." *Heritage Bank & Trust v. Dietsche*, 577 N.W.2d 386, 1998 Wisc. App. LEXIS 152, at *14–15 (Wis. App. 1998) (limited precedent opinion) (citing *Wis. Brick & Block Corp. v. Vogel*, 195 N.W.2d 664, 666 (1972); *First Trust Co. v. Holden*, 168 N.W. 402, 404 (1918)). "However, if the actions are consolidated for purposes of trial only, the actions keep their separate existence and require separate judgments." *Id.* (citing *Wis. Brick*, 195 N.W.2d at 667).

Here, the state court ordered "that the above-captioned cases . . . shall be consolidated into Washington county Case Number 2024CV000440, and the cases be deemed as brought as a single action under Wis. Stat. § 803.04(1)." ECF No. 1 at 25. The court ordered the two actions consolidated for all purposes, not only for trial. Therefore, under Wisconsin law, the actions and their pleadings are merged, and the consolidated action is a "single action." Accordingly, this consolidated action was removed as a single action.

Although all parties seemed to agree that the *consolidated* case was removed, no party submitted the pleadings that that would require. The Quirozes acknowledged: "Prior to

5

removal, the case had been consolidated with pending action in Washington County. As such, there are two state court cases that have been removed to this court." ECF No. 3 at 2. And Aryming referenced the "order staying all deadlines concerning Plaintiff ARY LS 4, LLC's motion to dismiss Marcelino Quiroz and Tracy C. Quiroz's counterclaims against it in the separate foreclosure action pending against them (which was also removed to the Court along with Plaintiffs' class action complaint due to consolidation of both cases by the Wisconsin state court judges)." ECF No. 14 at 3. Despite this, plaintiff/counter-defendant Ary LS 4 was not included in the case cover sheet and its complaint is missing.

A notice of removal must include "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). "However, failure to attach all documents is not jurisdictional and will not result in remand so long as sufficient documents are attached to show that basis for jurisdiction." *Ocwen Loan Servicing, LLC v. Ghiselin*, Case No. 16-cv-1141, 2016 U.S. Dist. LEXIS 96409, at *8 (C.D. Ill. 2016) (internal quotation omitted). In sum, Aryming's notice of removal was procedurally deficient for failing to attach necessary documents. Even so, remand might not be required here if Aryming has shown a basis for subject matter jurisdiction.

### III.    Jurisdictional Issues

CAFA provides jurisdiction for the class claims, but as previously discussed, that has little to do with the consolidated foreclosure action. Aryming hasn't argued that this court has subject matter jurisdiction over the foreclosure claims raised in 2024CV000440. Nor has Aryming submitted the documents that would be required to prove that complete diversity has been satisfied, or that supplemental jurisdiction would be appropriate. Ultimately, when a party seeks to remove a single action that comprises more than one underlying state case,

6

*both* (or all) of the cases must be removable before the federal court has jurisdiction. "Where two lawsuits have been consolidated in state court, both must be removed and removable in order for a federal district court to exercise jurisdiction." *Brock v. Altimier,* No. CV 09-148-GFVT, 2009 WL 10676817, at *3 (E.D. Ky. July 2, 2009). *See Mich. City v. Hays-Republic Corp.*, 2020 U.S. Dist. LEXIS 177287, at *8-9 ("The effect of the consolidation order is of great import—if the cases have merged into one identity, UniControl has submitted a procedurally deficient notice of removal, failing to establish citizenship of all defendants. It is also potentially jurisdictionally deficient because one of the first action defendants could destroy diversity.") (citation modified). Therefore, Aryming's notice of removal is both procedurally and jurisdictionally deficient.

Finally, an additional hurdle arises from the fact that the defendants seeking to remove this action are actually the *plaintiffs* in the state foreclosure action. Removal jurisdiction is generally not available to plaintiffs. Removal of cases is premised on the full agreement of the *defendants* in a case. Here, the defendants in the foreclosure action obviously do not consent because they have filed a motion to remand. In addition, the foreclosure action was filed in July 2024, more than a year before the notice of removal was filed in this case. This calls into question the timeliness of the removal, even assuming the other problems were remediable.

Any doubts are to be resolved in favor of remand. "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). Here, there are substantial doubts as to subject matter jurisdiction, and so I must conclude that Aryming has not met its burden here.

**CONCLUSION**

For the reasons stated above, the court **GRANTS** the plaintiffs' motion to remand, ECF No. 4. The court **DENIES as moot** Aryming's motion to amend its notice of removal, ECF No. 11, and the plaintiffs' motion for entry of default, ECF No. 12. The court **REMANDS** this case to Washington County Circuit Court.

**SO ORDERED** this 13th day of April, 2026.

_____
STEPHEN C. DRIES
United States Magistrate Judge